IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Scottie Jenkins, ) | |
| ) | CR.: 7:99-769-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before this Court on petition of Scottie Jenkins pursuant to 28 U.S.C. § 2255. For the reasons expressed below, the petition under § 2255 is dismissed.

## I. BACKGROUND

On October 27, 1999, petitioner pled guilty before the undersigned to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the plea hearing, and in his memorandum in support of this motion, petitioner admitted to possessing 83 grams of crack cocaine, 200 grams of powder cocaine, and a large sum of cash. As a result petitioner's acceptance of responsibility, on March 21, 2000, when petitioner appeared for sentencing before the undersigned, he received a three level reduction under the Sentencing Guidelines. Further, defendant was sentenced to the lowest end of the guideline range. He was ordered to be imprisoned for a period of two hundred and

sixty-two (262) months to be followed by five years of supervised released.

Petitioner appealed his sentence alleging this Court failed to satisfy the minimum requirements of Fed. R. Crim. P. 11 when is accepted his guilty plea and that his sentence of 262 months was invalid pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Jenkins*, 26 Fed. Appx. 337 (2002). The Fourth Circuit affirmed in an unpublished decision. *Id*. Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 on January 13, 2003. This Court denied that petition on July 16, 2003. The Fourth Circuit dismissed the petitioner's appeal on February 20, 2004.[1] Petitioner filed the current § 2255 motion to vacate in this matter on December 14, 2005.

## II.  DISCUSSION

Petitioner has filed the instant § 2255 petition without proper permission from the U.S. Court of Appeals for the Fourth Circuit.  Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(citations omitted).  Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[1] United States v. Jenkins, 7:03-0131-13AK.

> convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See also* 28 U.S.C. §§ 2244, 2253.

This Court finds that the present petition for relief under § 2255 qualifies as a second or successive petition. In the absence of permission to file from the U.S. Court of Appeals for the Fourth Circuit this petition must be dismissed.

IT IS THEREFORE ORDERED that petitioner's motion to vacate is DISMISSED without prejudice as a second or successive petition.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 22, 2005.

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate

3

Procedure, will waive the right to appeal.